UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Constance Williams,<br><br>                    Plaintiff,<br>v.<br><br>Advanced Collection Services, LTD d/b/a Mastercheck; and DOES 1-10, inclusive,<br><br>                    Defendants. | : Civil Action No.:  3:15-cv-234<br>:<br>:<br>: COMPLAINT<br>:<br>:<br>: February 19, 2015<br>: |

For this Complaint, the Plaintiff, Constance Williams, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Constance Williams ("Plaintiff"), is an adult individual residing in New London, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant  Advanced Collection Services, LTD d/b/a Mastercheck

("Mastercheck"), is a Connecticut business entity with an address of 55 Whiting Street, #2a, Plainville, Connecticut 06062, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Mastercheck and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Mastercheck at all times acted by and through one or more of the Collectors.

<b><u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u></b>

A. <u>The Debt</u>

8. An individual allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Mastercheck for collection, or Mastercheck was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>Mastercheck Engages in Harassment and Abusive Tactics</u>

12. Within the last year, Mastercheck contacted Plaintiff with regard to the alleged Debt.

13. Mastercheck called Plaintiff's cellular telephone, number 860-XXX-

8045.

14. Mastercheck called Plaintiff from telephone numbers 860-793-3662 and 860-793-3663.

15. During numerous conversations, Mastercheck called Plaintiff and stated that Plaintiff owed money as a result of a bounced check at a Shop Rite grocery store in Willimantic, Connecticut.

16. During more than one conversation Plaintiff explained that Mastercheck was calling the wrong person and that Plaintiff never shopped at the Shop Rite in Willimantic.

17. However, on numerous occasions, Collectors from Mastercheck would say that Plaintiff's name was on the check.

18. Plaintiff requested that Mastercheck send Plaintiff a copy of the check and although the Collectors agreed to do so, they never sent Plaintiff a copy.

19. As a result Plaintiff feared that her identity had been stolen and filed a complaint with her local police department.

20. On or about December 9, 2014, Mastercheck called Plaintiff and admitted that they had been calling Plaintiff by mistake and also admitted that Plaintiff's name was not on the check and they had gotten her information from an inaccurate source.

C. <u>Plaintiff Suffered Actual Damages</u>

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendants constitute

numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34.     Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Connecticut state law.

35.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

36.     The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

37.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

39. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

42. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

43. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

45. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

46. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Connecticut.

47. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT V

## COMMON LAW FRAUD

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Connecticut.

50. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 19, 2015

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff